PENN MUT. LIFE INS. CO. *v.* WEATHERSBY.

(Division B. May 24, 1943. Suggestion of Error Overruled June 7, 1943.)

[13 So. (2d) 628. No. 35361.]

Wells, Wells, Lipscomb & Newman, of Jackson, for appellant.

F. D. Hewitt, of McComb, for appellee.

Argued orally by **Hubert Lipscomb**, for appellant, and by **F. D. Hewitt**, for appellee.

**Alexander, J.**, delivered the opinion of the court.

Appellee, as complainant, brought her bill to establish her claim as beneficiary under a life insurance policy issued to her husband. Defendant's answer was stricken out for legal insufficiency on motions of complainant. Code 1930, Section 389. Since defendant declined to plead further, the sole question presented is the sufficiency of the answer as a defense.

The allegations of the answer conform as to the record facts to the matters set out in the original bill which are here summarized. The effective date of the policy was March 18, 1919, which monthly date was the annual premium date. Annual premiums were duly paid by insured for thirteen years, or up to and including March 18, 1931. The matter of the premium due March 18, 1932,

in the sum of $83.44 was handled as follows: The insured executed and delivered his note to the company in the sum of $59.64, to which he added a dividend then due of $23.80. Unaffected by any further course, this transaction would have operated to preserve the policy in force up to March 18, 1933. However, on May 28, 1932, the insured executed a "Note Policy Surrender" form, in which it was stated "I hereby surrender and assign all my right, title and interest in the above policy to the Penn Mutual Insurance Company in consideration of the cancellation and return to me of my note for $59.64, dated the 18th day of March 1932 (given in settlement of Annual Premium on said policy), due March 18, 1932." There were certain technical defects in this form rendering it ineffective. A similar request was executed in due form on July 13, 1932. Pursuant to this request, the company thereupon returned to the insured the note for $59.64 and restored the said dividend to insured's credit, thereby applying the full value of said policy toward the purchase of extended term insurance in the amount of $2,000, payable in installments or a lump sum of $1,758. The extended term was, in accordance with the policy provisions, nine years and one hundred and fifty-one days from and after March 18, 1932, or up to August 16, 1941. Insured died November 24, 1941.

Appellee contends that the company having once accepted insured's note designed to retain the policy in force up to March 18, 1933, it was without power to cancel such premium and thereby fix the controlling date for computation of extended insurance as of March 18, 1932, and that its attempt to do so constituted a rebate of the premium and was illegal. It should be a sufficient answer to this contention that the added protection sought to be purchased by this premium was likewise cancelled. There was of course no rebating.

There are other contentions made by appellee involving the duty of the company to endorse all waivers or alterations upon the face of the policy, as well as conclusions

which have as their premise the assumption that the original adjustment of the 1932-33 premium was irrevocable. Appellee insists also that the note for $59.64 should have been deducted from the commuted value of the policy whose extended values should be computed from March 18, 1933, but at a reduced face amount. But he may not use his note and keep it too. He preferred to cancel its obligation. The most partisan could not contend that the company thereafter could have compelled insured to pay the note. Since the consideration for the note was the payment of the premium, they stood and fell together.

The complete answer to these contentions is that all that was done was pursuant to the request of insured himself, with which the company was bound to comply. There was no legal obstacle to this contract by which the premium obligation was readjusted. The surrender of the note to the insured was a valid consideration. That it was fully understood by the insured is assumed from the fact that the terms of the agreement were suggested by him and two separate requests in writing were made by him. On July 21, 1932, the company wrote to insured and appellee jointly that the policy had lapsed and that under the automatic extended insurance feature it would extend to and expire upon August 16, 1941.

The principles involved are elementary and require no citation to support. Judged in the light of after developed facts, appellee has evident cause to regret that the insured could not with prophetic vision have seen that his selected course was to his ultimate disinterest. We, however, are compelled to adjudge liability in the light of the unalterable facts.

The trial court, upon striking defendant's answer, gave decree for the complainant. Upon the allegations of the bill itself, decree should have been for defendant.

Reversed and decree here for appellant.